IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MUNICIPALITY OF CAGUAS

    Plaintiff

              v.                      **Civil No.** 08-2048(SEC)

TELECOMMUNICATIONS
REGULATORY BOARD OF PR

    Defendants

**OPINION & ORDER**

Pending before this Court is Defendant Telecommunications Regulatory Board of Puerto Rico's ("the Board") motion to dismiss (Docket # 8), and Plaintiff, the Municipality of Caguas' ("the Municipality") Opposition thereto (Docket # 14). The Board has also filed a reply to the Opposition. Docket # 17. After reviewing the filings, and the applicable law, the motion to dismiss is **GRANTED**.

**Factual and Procedural Background**

The following factual summary has been gleaned from the Complaint. Docket # 1. The case revolves around the Municipality's rights to collect compensation from telecommunications and TV providers for the use and maintenance of municipal rights-of-way under the Federal Telecommunications Act of 1996, 47 U.S.C. § 251 et. seq. ("FTA") and the Cable Communications Policy Act of 1984, 47 U.S.C. §. 521, et seq.  The pertinent language regarding this right is § 253(c) of the FTA, which grants the authority to a ". . . State or local government to manage the public rights-of-way or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis, for use of public rights-of-way . . ." 27 U.S.C. § 253(c).

Created in 1996, the Board is the Commonwealth's local franchising authority. It is thus responsible for assessing fees on cable and telecommunications companies in accordance with the Cable Act.  27 P.R. Laws Ann. § 269h; see Liberty Cablevision of Puerto Rico, Inc. v. Municipality of Caguas, 417 F.3d 216, 218 (1st Cir. 2005).  The Puerto Rico Legislature made ". . . the Board as its sole franchising authority, 27 P.R. Laws Ann. § 269h, and gave it broad powers, 27 P.R. Laws Ann. § 267i, including the power to grant franchises and to assess franchise fees for use of the rights-of-way, 27 P.R. Laws Ann. § 267j(h)." Id. at 222.  After several municipal initiatives to charge cable TV providers for rights-of-way, the Commonwealth Legislative Assembly attempted to enact legislation that would provide a legal framework for municipalities to receive fees for the use of publically owned rights-of-way.

Plaintiffs point out that in 2004, the Puerto Rico Legislative Assembly, through Act 258, amended the Puerto Rico Autonomous Municipalities Act, 21 P.R. Laws Ann. § 4001 et seq., to enable municipalities to assess fees for use of the public rights-of-way. Under said amendment the Board was charged with promulgating the necessary regulation. Id. at § 4052. Plaintiffs allege that Act 258 mandated that this be done within ninety (days) of enactment, but that the Board took over three (3) years to approve the "Reglamento para el Cobro de Derechos por el Uso y Mantenimiento de las Servidumbres Municipales por las Compañías de Telecomunicaciones y Televisión por Cable" ("the Regulation"). They further allege that at the insistence of various municipalities, the Board created a multi-sectorial Technical Committee to ". . . ensure that the municipalities would be justly compensated for the use and maintenance of their property, but also that the requirements set forth in the applicable law and its interpretive jurisprudence were fully observed." Docket # 1.

The Municipality avers that one of the key recommendations made by the Technical Committee involved the Utilization Charge for the rights-of-way. This was submitted to the

Board in 2007, but the proposed Regulation then allegedly substantially deviated from the Technical Committee's recommendations. On August 15, 2007, several municipalities submitted written objections to the Regulations, and asserted that it was illegal as drafted. They then filed a *mandamus* in local court, which was settled after the Board agreed to review the comments submitted by interested parties, including the Municipality.

Despite the settlement, the Municipality asserts that the final Regulation approved on July 18, 2008, violates its rights by: 1) imposing a Utilization Charge formula that does not reflect the actual value of the property being utilized by service providers in violation of § 253(c), 2) not including a "use and maintenance" surcharge in violation of Act 258, and 3) charging a franchise fee of 3% over gross revenue, which due to the 5% franchise fee authorized by the Cable Act, would translate in to Utilization Charges of no more than 2% of gross revenues, regardless of the use of the Municipality's property. Accordingly, the Municipality argues that the Board, Puerto Rico's local franchising authority, allows cable TV providers to construct systems on municipal property, without reasonable compensation. It further avers that the delay in the final approval of the Regulation constituted an unjustified delay, and millions of dollars in lost revenues for Puerto Rico's municipalities.

In sum, the Municipality alleges that the Regulation:

> (i) will not provide municipalities with "fair and reasonable compensation" as set forth in Section 253(c) of the FTA; (ii) improperly limits the Utilization Charge that maybe be levied upon cable TV providers; (iii) deprives the municipalities of jurisdiction to address and/or adjudicate disputes related to the various charges imposed under the Regulation; and (iv) fails to address the undue and unjustified delay on the part of the Board in approving the Regulation, which has cost the municipalities millions of dollars in lost revenues.

Docket # 1. In light of the above, the Municipality requests declaratory judgment, pursuant to the Federal Declaratory Judgment Act of 1934, 23 U.S.C. § 2201 et seq, finding the Regulation illegal.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

---

[1] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, the Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008).

**Applicable Law & Analysis**

*Municipal Right to Compensation Under § 253(c)*

The Municipality's basic argument is that the Regulation as approved by the Board violates § 253(c) of the FTA, which refers to the authority of State or local governments ". . . to manage the public rights-of-way or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis, for use of public rights-of-way . . ." In assessing this claim, it is important to note that in most United States jurisdictions, municipalities are both the franchisers and owners of cable and telecommunications rights-of-way. Liberty Cablevision of Puerto Rico, Inc. v. Municipality of Caguas, 417 F.3d 216, 221 (1st Cir. 2005). However, in the case of Puerto Rico, "the legislature chose to designate a state agency-[the Board]-as its 'franchising authority,' 27 P.R. Laws Ann. § 265 et seq., as opposed to granting that power to its various municipalities like most United States jurisdictions." Id.

**CIVIL NO. 08-2048 (SEC)** Page 6

On this point of law, the First Circuit unequivocally stated: "[i]t is well established that municipalities possess no inherent powers, as all such powers are derived from the state." Id. at 222. Accordingly, Municipalities do not have proprietary rights before the state. Id. Furthermore, a ". . . Municipal Assembly has no authority to intervene when the Legislative Assembly has preempted that particular field." Id. (citing Lopez v. Commonwealth of Puerto Rico, 21 P.R. Offic. Trans. 71, 84 (P.R.1988)). In light of this clear language, the Municipality's right to compensation is determined by the Board through the Regulation, because ". . . the 'franchising authority' as the grantor of franchises and assessor of 'franchise fees,'[ . . .], in exchange for which the franchisee cable operator may use the public 'rights-of-way' . . . ." Liberty Cablevision , 417 F.3d at 221; see also 27 P.R. Laws Ann. § 267j(h).  Therefore, even if Act 268 enables municipalities to assess fees for the use of rights-of-way, their ability to do so is undoubtedly restricted by Commonwealth legislation and the Board. Act 268 did not create a municipal franchising structure, rather a mechanism for the Board to allocate some compensation to the municipalities.

As such, this Court finds that in the context of Puerto Rico, § 253(c)'s language is directed at said state-wide entity, the Board, and not the local municipalities. Local municipalities are able to exercise power of a municipal nature, but it "must be in harmony with [state] government law which shall prevail in conflicting situations." Id. (citing Lopez, 21 P.R. Offic. Trans. at 84 (citations omitted)). Therefore, if the Commonwealth has set up a state-wide structure regulated by the Board, the individual municipalities are bound by its decisions.

This Court has previously held that:

> [t]he better approach to resolution of regulatory conflicts between municipalities and telecommunications service providers lies in the joint and uniform resolution of such questions of law . . . relief [should originate] from the agency specifically created by Law 213 to regulate telecommunications service

**CIVIL NO. 08-2048 (SEC)** Page 7

in Puerto Rico, the Puerto Rico Telecommunications Regulatory Board. 27 L.P.R.A. § 267. Puerto Rico Telephone Co., Inc. V. Municipality of Guayanilla, 354 F.Supp.2d 107, 115 (D.P.R. 2005). At bar is an issue of state law, because in Puerto Rico the local franchising authority is a state-wide body, the Board, not controlled by the municipalities. In such a context, this Court does not find that § 253(c) provides a private cause of action to the Municipality to recur against the Board because of its differences regarding fee assessment. If that cause of action did exist it would exist under local law. Because of said finding, this Court does not have jurisdiction over the present suit, and it need not address the Municipality's other claims, such as the delay in creating the Regulation, and the Utilization Charge.

*Takings*

Finally, the Municipality also avers that it should be able to bring a federal takings claim against the Board. It argues that the Regulation equates to a permanent physical invasion of municipal property. Nevertheless, a ruling on this issue is not necessary at present. Even if the Municipality had a right to such an action, it is most certainly not ripe, as ". . . Plaintiff must pursue the Commonwealth's inverse condemnation remedy 'before [it] can maintain a federal damages claim, since, when fleshed out by the local court, that remedy could well provide the 'certain and adequate relief' it seeks." Liberty Cablevision of Puerto Rico v. Municipality of Barceloneta, 326 F.Supp.2d 236, 242 (D.P.R. 2004)(rev'd on other grounds)(citing Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 513 (1st Cir. 1987)). Plaintiffs have not pursued such a claim, nor have they attempted to prove the inadequacy of Commonwealth remedies. Id. Therefore, the takings issue in this case is not ripe.

**Conclusion**

In light of the above, the Motion to Dismiss is **GRANTED**. The Municipality's claim for declaratory judgment is **DISMISSED WITH PREJUDICE**, and the takings claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of March, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge